

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | | |
|---|---|---|
| Jeffrey Chad Hensley (Deceased), | ) | Docket No.: 2015-02-0387 |
| Employee, | ) | |
| v. | ) | State File No.: 82497-2015 |
| Professional Personnel Services, | ) | |
| Employer, | ) | Judge Brian K. Addington |
| And | ) | |
| Zurich North American Ins. Co., | ) | |
| Carrier. | ) | |

## COMPENSATION HEARING ORDER

This matter came before the undersigned Workers' Compensation Judge on February 2, 2017, for a Compensation Hearing pursuant to Tennessee Code Annotated section 50-6-239 (2016). This is an action for death benefits brought by Mr. Hensley's surviving spouse, Mrs. Tabitha Hensley, for herself and on behalf of his orphan, minor child, Kaydence Hensley.

The central legal issue is whether Tabitha Hensley and/or Kaydence Hensley are surviving dependents of Mr. Hensley under Tennessee Code Annotated section 50-6-210 (2016), and are, therefore, entitled to death benefits. For the reasons set forth below, this Court finds that, while Mrs. Hensley was the surviving spouse of the deceased, she was voluntarily living apart from him at the time of his death. Consequently, Mrs. Hensley is not entitled to death benefits. Further, the Court finds that Kaydence Hensley is Mr. Hensley's wholly dependent surviving minor child. As such, she is entitled to death benefits under the Tennessee Workers' Compensation Law.

### History of Claim

Jeffrey Chad Hensley was employed by Professional Personnel Services on October 7, 2015, when he suffered a mortal injury arising out of and in the course and

1

scope of his employment.[1]

At the time of his death, Mr. Hensley was the father and sole parent of his only child, Kaydence Hensley, born January 28, 2008. Mr. Hensley gave up custody of Kaydence following the death of her mother. Mr. Hensley's mother and stepfather obtained custody of Kaydence by virtue of an agreed Custody Order entered in the Circuit Court for Hawkins County on May 7, 2015.[2] Although Mr. Hensley did not have custody of his daughter at the time of his death, he provided monetary support to her when employed.

After the death of his first wife, Mr. Hensley married Tabitha Hensley. Prior to his death, the couple lived with Mr. Hensley's father and stepmother in their home. They had a rocky relationship, and witnesses testified that Tabitha did not interact with Kaydence during visits.

The couple voluntarily quit living together on July 26, 2014, and soon after, Mrs. Hensley began cohabitating with another man. All contact between the couple ceased, although they remained married. Mr. Hensley and a friend went to the apartment complex where Mrs. Hensley lived in the hopes of meeting with her to discuss divorce, but they were unable to locate her since he did not know the precise apartment where she resided.

In the fall of 2014, Mr. Hensley began a relationship with another woman. They eventually moved into an apartment together, which they shared with a friend. Mr. Hensley paid no support to Mrs. Hensley and did not have contact with her other than to discuss divorce. At the time of Mr. Hensley's death, the couple had been separated for over a year and were voluntarily and publicly[3] living apart.

Both Mrs. Hensley and the Custodians of Kaydence Hensley filed Petitions for Benefit Determination. The mediator was not able to resolve the case and issued Dispute Certification Notices. At first, Mrs. Hensley pursued her claim for benefits. Her counsel appeared with Kaydence's counsel for the scheduling hearing in this matter. However, Mrs. Hensley's counsel petitioned the Court for an Order allowing him to withdraw, which the Court granted. Thereafter, Mrs. Hensley made no filings in accordance with the previously-issued Scheduling Order.

Prior to the Compensation Hearing, the Court's staff attorney unsuccessfully

---

[1] The parties stipulated to this fact and that his average weekly wage was $402.11.

[2] A copy of the Order is attached.

[3] Mr. Hensley did not hide his relationship with the other woman. Mrs. Hensley indicated her new relationship repeatedly on social media.

attempted to contact Mrs. Hensley by phone. She did not appear for the Compensation Hearing, nor did she contact the Court to request a continuance. The Court waited approximately thirty minutes before starting the Compensation Hearing.

During the Compensation Hearing, counsel for the Guardians of Kaydence Hensley asserted she was a dependent child under sixteen years of age and was, therefore, entitled to workers' compensation death benefits.

Professional Personnel Services asserted in its pre-trial brief and during the Compensation Hearing that Kaydence Hensley was the sole dependent of Mr. Hensley. It did not contest causation of Kaydence Hensley's dependency, but requested the Court to order periodic payment of death benefits under Tennessee Code Annotated section 50-6-210 (2016).

### Findings of Fact and Conclusions of Law

The employee in a workers' compensation claim has the burden of proof on all essential elements of the claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2016) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence.").

*Whether Tabitha Hensley is entitled to death benefits*

Tennessee Code Annotated section 50-6-210 (2016) governs death benefits for surviving dependents. In accordance with that statute, a surviving spouse is conclusively presumed to be wholly dependent "unless it is shown that the surviving spouse was voluntarily living apart from the surviving spouse's spouse at the time of the injury." *Id.* at § 210(a)(1). The Court finds the evidence presented in this case established that Mrs. Hensley was voluntarily living apart from the deceased at the time of death. Evidence presented at the Compensation Hearing showed that she publically announced the relationship she had with another man. Mrs. Hensley failed to present any evidence to the contrary.

The Court also finds that Mrs. Hensley was not an actual or partial dependent of Mr. Hensley, according to Tennessee Code Annotated sections 50-6-210(c) and (d) (2016). Mr. Hensley did not provide any support from his wages to Mrs. Hensley. They had no contact whatsoever other than to discuss divorce. Mrs. Hensley failed to prove otherwise.

3

Finding that Mrs. Tabitha Hensley was not wholly, actually, or partially dependent on the deceased, the Court holds that she is not entitled to death benefits.

*Whether Kaydence Hensley is entitled to death benefits*

Children under sixteen years of age are conclusively presumed to be wholly dependent under Tennessee Code Annotated section 50-6-210(a)(2) (2016). The stipulated evidence showed that Kaydence Hensley was nine years old at the time of the Compensation Hearing. Moreover, testimony presented established that Mr. Hensley provided financial support to his daughter as long as he earned wages. This is true, despite the fact that his mother and stepfather retained actual custody. Although testimony showed she receives public assistance from the United States Government, as both her parents are deceased, this benefit is not income and should not affect the status of her claim. *See* Tenn. Code Ann. §50-6-210(e)(13) (2016).

The Court finds that Kaydence Hensley was wholly dependent on Mr. Hensley and holds she is entitled to death benefits.

*Calculation and payment of death benefits*

A single dependent orphan, as in this case, is entitled to fifty percent of the average weekly wage of the deceased under Tennessee Code Annotated section 50-6-210(e)(5) (2016). Per stipulation, the Court finds Mr. Hensley's average weekly wage was $402.11. The Court holds that the appropriate weekly payment to Kaydence Hensley is $201.06.

As Mr. Hensley passed on October 7, 2015, the Court finds that death benefits became payable on October 8, 2015. The Court holds that Professional Personnel Services shall pay to Kaydence Hensley, via her Court-appointed Custodians, a lump sum representing incurred weekly death benefits from October 8, 2015, through February 9, 2017. The accrued death benefits equate to seventy weeks of benefits, or $14,074.20. Of this amount, twenty percent, or $2,814.84, shall be paid to Attorney Mark Stapleton as attorney fees for his representation in this matter.

Further, Profession Personnel Services shall continue to pay death benefits in the weekly amount of $201.06 until she reaches age eighteen or age twenty-two if she attends a recognized educational institution. *See* Tenn. Code Ann. § 50-6-210(e)(11) (2016). Attorney Mark Stapleton shall be paid twenty percent of each weekly installment. Thus, each weekly payment shall be disbursed as follows: $160.94 to the Court-appointed Custodians of Kaydence Hensley, and $40.12 to Attorney Mark Stapleton.

The Court reminds the Custodians of their fiduciary duty with the death benefits paid to Kaydence Hensley.

4

**IT IS, THEREFORE, ORDERED** as follows:

1. Tabitha Hensley's Petition for Death Benefits is denied.

2. Kaydence Hensley's Petition for Death Benefits is granted. Professional Personnel Services shall pay accrued death benefits in a lump sum of $14,074.20 to the Court-appointed Custodians of Kaydence Hensley, minus a 20% attorney fee of $2,814.84 payable to Attorney Mark Stapleton.

3. Professional Personnel Services shall continue to make weekly death benefit payments of $160.94 until she reaches age eighteen or twenty-two should she attend a recognized educational institution to the Court-appointed Custodians of Kaydence Hensley and $40.12 to Attorney Mark Stapleton.

4. Professional Personnel Services shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016).

5. Professional Personnel Services shall file an SD-1 within ten days of entry of this Judgment.

6. This is a final judgment.

**ENTERED this the 9th day of February, 2017.**

/s/ Brian K. Addington
**HON. BRIAN K. ADDINGTON**
**Workers' Compensation Judge**

5

## APPENDIX

Technical record:
- Petitions for Benefit Determination
- Dispute Certification Notices
- Initial Hearing Order
- Order on Motions
- Order Granting Motion to Withdraw as Counsel
- Kaydence Hensley's Pre-Hearing Statement
- Employer's Pre-Hearing Statement

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

Stipulated Findings of Facts of Custodians of Kaydence Hensley and the Employer:

- Jeffrey Chad Hensley was employed by Professional Services on October 7, 2015.
- Jeffrey Chad Hensley lost his life during the course and scope of his employment on October 7, 2015.
- At the time of the death of employee Hensley, he had a minor child Kaydence Adaya Hensley, date of birth January 28, 2008. She was seven years old at the time of death on October 7, 2015, and was nine years old at the time of trial.
- At the time of death of employee Hensley, custody of the minor child Kaydence Hensley was given to Daphne Dawn Holt and Tracy Allen Holt by order of the Circuit Court for Hawkins County filed May 7, 2010.
- The average weekly wage for this cause of action is $402.11.
- The workers' compensation rate is $268.07.
- Jeffrey Chad Hensley, employee/deceased, and Tabitha Michelle Harville were married July 16, 2013. The parties voluntarily ceased living together July 26, 2014.

Exhibit:

1.    Collective Exhibit containing employment documents, court and state records, and social media posts.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 9th day of February, 2017.

| Name | Certified Mail | First Class Mail | Email | Service sent to: |
|---|---|---|---|---|
| Mark Stapleton, Esq., Kaydence Hensley's Attorney | | | X | mark@stapletonlawoffice.com |
| Mary Beth Maddox, Esq., Employer's Attorney | | | X | mmaddox@fmsllp.com |
| Tabitha Hensley, Self-Represented Claimant | X | X | | 1131 Harrell Street Morristown, TN 37814 |

PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov

7

DAPHNE DAWN HOLT, and §
TRACY ALLEN HOLT, §
§
Petitioner, §
§   Docket No. 10CV01 29
vs. §
§
JEFFREY CHAD HENSLEY, §
§
Respondent, §
§
In Re: §
KAYDANCE ADAYA HENSLEY, §
DOB: 01-28-08 §

FILED

2010 MAY -7 PM 3: 33
HOLLY H. JAYNES
CLERK OF COURTS

## CUSTODY ORDER

This matter came by agreement, upon a Petition for Custody filed by Petitioners. After review of the record and Petition;

**WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:**

1.   That Petitioners DAPHNE DAWN HOLT and TRACY ALLEN HOLT shall have custody of the minor child Kaydance Adaya Hensley, DOB 01-28-08.

THIS the 7 day of May 2010.

_____
Judge

APPROVED FOR ENTRY:

_____
JAMES F. TAYLOR
Attorney for Petitioners
BOPR# 018998
119 South Depot Street
Rogersville, TN 37857
423-272-2711

STATE OF TENNESSEE, HAWKINS COUNTY.
I, HOLLY H. JAYNES, Clerk of the (Circuit) (Sessions) (Criminal) (Juvenile) Court, do hereby certify that the foregoing is a true and correct copy of the original _____ order _____ in the above-styled case, as the same appears of record on file in my office.
WITNESS, my hand and official seal of office, in Rogersville, Tennessee, this 26 of May 2010.

_____
CLERK OF COURT